17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In-Long LEE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 9, 1994.
 
 Before: SNEED, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 In-Long Lee (Lee), a citizen of Taiwan, entered the United States on February 13, 1986 as a visitor for pleasure. His stay was not to exceed six months. Lee remained in the United States and in 1989 was convicted of smuggling, entry of goods by false statements, and aiding and abetting. Since Lee remained in the United States longer than permitted, the government issued an order to show cause why Lee should not be deported. Based on Lee's admission that he overstayed his visitors visa, the immigration judge (IJ) found him deportable to Taiwan. Lee requested asylum and withholding of deportation. The IJ found that Lee did not meet his burden of proof and therefore denied his requests. The Board of Immigration Appeals (BIA) agreed with the decision. We agree and deny review.
 
 STANDARD OF REVIEW
 
 3
 We review the decision to deny asylum under the abuse of discretion standard. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (citing Bolanos-Hernandez v. INS, 767 F.2d 1277, 1282 n. 9 (9th Cir.1984). We review the underlying factual findings for substantial evidence. Id. (citing Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986)). We also review the decision not to withhold deportation under the substantial evidence standard. Id. (citing Echeverria-Hernandez v. INS, 782 F.2d 1488, 1493 (9th Cir.1986)). The substantial evidence standard requires only that the BIA's conclusion be "substantially reasonable." DeValle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (citing Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986)).
 
 DISCUSSION
 
 4
 Under 8 U.S.C. Sec. 1158(a), the attorney general has discretion to grant an alien political asylum if the attorney general determines the alien is a "refugee" within the meaning of 8 U.S.C. 1101(a)(42)(A). This section defines "refugee" as any person who is unwilling to return to his or her country of nationality or, in the case of a person with no nationality, country in which he or she last resided, "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." Id.
 
 
 5
 The well-founded fear standard has an objective and subjective component. Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (citing INS v. Cardoza-Fonseca, 480 U.S. 421 (1987)). "The subjective component requires that the fear be genuine, while the objective component 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Id. (quoting Rebollo-Jovel v. INS, 794 F.2d 441, 443 (9th Cir.1986)).
 
 
 6
 In contrast to the discretionary nature of asylum, withholding of an alien's deportation is mandatory if the attorney general "determines that such alien's life or freedom would be threatened in [his] country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h)(1). Withholding of deportation will be granted to an alien "only if he demonstrates a 'clear probability of persecution.' " Mabugat v. INS, 937 F.2d 426, 429 (9th Cir.1991) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). The clear probability of persecution standard is more stringent than the well-founded fear of persecution standard. Therefore, if an alien fails to demonstrate a well-founded fear of persecution, the inquiry need proceed no further because "a fortiori, [the alien] would have failed to meet the ... standard of clear probability of persecution." Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986).
 
 
 7
 The burden of proof rests on Lee to establish eligibility for asylum and withholding of deportation. Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986) (citing Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986)).
 
 
 8
 The BIA affirmed the IJ's determination that Lee failed to establish persecution, a well-founded fear of prosecution, or a clear probability of persecution. We agree. In support of Lee's claim that he suffered persecution, he contends that in 1961 he was arrested and placed in a small cage. However, the IJ did not find this believable because Lee's sister testified that Lee had never been arrested by the Taiwanese government and that she was living in Taiwan in 1961. The IJ observed that Lee's sister would have been aware of his imprisonment if it had occurred.
 
 
 9
 Lee claims he has a well-founded fear of persecution because of his political activities in Taiwan. However, based on inconsistencies in his testimony, the IJ found Lee was not a credible witness.
 
 
 10
 We review the IJ's credibility finding for substantial evidence, Vilorio-Lopez v. INS, 852 F.2d 1137 (9th Cir.1988) (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)); Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir.1984), and grant such credibility findings substantial deference. Id. (citing Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985)).
 
 
 11
 Here, the IJ's credibility finding is supported by substantial evidence. In his asylum application Lee asserted that he was the subject of newspaper articles stating that the Taiwanese government intended to arrest the vice chairman of the Alliance for Taiwan Independence in America. However, he later admitted to the IJ he was mistaken in believing the article referred to him, and that there are many vice chairmen. Lee offered no proof to support his claim that he was one of the vice chairmen of the party. Nor did Lee offer proof of his membership in the party.
 
 
 12
 The decision of the IJ is supported by an opinion by the Bureau of Human Rights and Humanitarian Affairs, indicating Lee has not yet done anything that would cause the Taiwanese government to single him out, and that if the government gives him permission to reenter Taiwan, this would suggest they would not persecute him unless he actively engages in forbidden activities.
 
 
 13
 Lee admitted he is trying to obtain merchandise confiscated by the United States government in connection with his criminal conviction, and believes he must be present in the United States to do so. The IJ found the "overriding reason why [Lee] wishes to remain in the United States" is to try to recover this merchandise.
 
 
 14
 The findings by the IJ are supported by substantial evidence. Lee's petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3